IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FILYOUR AMENE DYSON, SR.                                                                    PLAINTIFF

VS.                                                                   CIVIL ACTION NO. 2:14cv91-FKB

SHERIFF BILLY MAGEE, et al.                                                              DEFENDANTS

OPINION AND ORDER

Filyour Amene Dyson, Sr. brought this action pursuant to 42 U.S.C. § 1983 alleging excessive force and denial of medical care by officials at the Forrest County Detention Center. Presently before the Court is Defendants' motion for summary judgment [36]. Having considered the motion and the evidence of record, the Court concludes that the motion should be granted as to Dyson's medical claims and denied as to his claims of excessive force.

Dyson was housed at the jail as a pretrial detainee from October of 2013 until November of 2014. His allegations, as set forth in his testimony at the *Spears* hearing, are as follows. On December 9, 2013, another inmate slammed a door on his finger, cutting off its tip. He was taken to Forrest General Hospital for treatment. Upon his return to the jail, he became involved in an altercation with the inmate who had caused his injury. After the altercation, Defendant Brandon Freeman, an officer at the jail, came into Dyson's cell and questioned him concerning the altercation. Freeman then punched him in the jaw with a closed fist. Dyson testified that he did not provoke Freeman or make any aggressive move toward him and that the use of force was without any justification.

Defendant Sky Johnson was employed as a nurse at the jail. Dyson's complaints regarding Johnson are numerous. He alleges that although a doctor prescribed Lortab

and then Ultram for his pain following the injury to his finger, Johnson told him that he did not need these medications and gave him only Extra Strength Tylenol instead. He also contends that the finger did not heal properly and that his complaints to her about his finger were ignored from February of 2014 until May of that year, when he finally saw a doctor again and required emergency surgery.  Dyson also complains that Johnson squeezed his finger while examining it, causing pain.  He also makes other complaints unrelated to the treatment of his finger: That she failed to give him his blood pressure medicine for four or five months, that she failed to increase his Seroquel dosage as ordered, and that she has taken him off the list when he has been scheduled to see the doctor.

Plaintiff's claim against Sheriff Billy Magee is based upon Magee's alleged failure to take any action in response to three letters Dyson claims to have written to him in February and March of 2014 complaining that he was having problems with his finger.

Finally, Dyson testified that he is asserting additional claims against Freeman for failing to turn in his grievance forms concerning medical care.

In support of their motion for summary judgment on Dyson's medical claims, Defendants have submitted the affidavit of Sky Johnson, in which she summarizes her medical encounters with Dyson and denies ever refusing to treat him or interfering with needed medical care. [36-19] at 1-5.  Also submitted in support of the motion is Plaintiff's medical file.  The medical records are extensive and show frequent medical care.  There is nothing in the records to support Plaintiff's claims against Johnson regarding drug administration.  The records indicate that after his injury, Plaintiff was prescribed Lortab

for five days and that he received all doses as prescribed. [36-16] at 1, [36-8] at 131-38. As to Seroquel, the records indicate that Plaintiff was prescribed Seroquel 300 once a day at bedtime in February of 2014 and that in March of 2014, he was changed to Seroquel 400. [36-16] at 2-3. Medication administration records indicate that he received the Seroquel as prescribed. [36-8] at 4-122. Furthermore, there is nothing in the medical records to support Plaintiff's vague claims regarding other medications. Finally, the record indicates that the first time Plaintiff made a sick call request complaining that his finger was not healing properly was on May 4, 2014; he was seen two days later by his surgeon, who drained an abscess and removed the nail on the finger. [36-4] at 17-20, [36-12] at 1-3. In short, there is no credible evidence that anyone was deliberately indifferent to his serious medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Plaintiff's general, self-serving allegations to the contrary do not create a genuine factual dispute. Furthermore, his general allegations regarding his sick call requests and the sick call list fail to raise a constitutional issue. For these reasons, summary judgment is granted in favor of Defendants on Plaintiff's medical claims.

In support of his motion regarding Plaintiff's allegations of excessive force, Defendant Freeman has submitted an affidavit denying that he ever hit, struck, or punched Plaintiff. [36-21] at 1-2. But Plaintiff testified under oath to the contrary. Furthermore, Plaintiff's testimony was that Freeman struck him without provocation. Where the force is applied in the context of a prison or jail situation, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore

discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).[1]  Plaintiff's testimony that Freeman struck him in the jaw with a closed fist deliberately and for no legitimate reason is sufficient to create a factual issue as to whether Freeman used force against him maliciously and to cause harm.  For this reason, summary judgment on Plaintiff's excessive force claim against Freeman is denied.

Accordingly, Plaintiff's medical claims are hereby dismissed.  This case will go forward solely on Plaintiff's excessive force claim against Freeman.

SO ORDERED this the 18th day of April, 2016.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE

---

[1] *Hudson* involved a convicted prisoner and its analysis was therefore under the Eighth Amendment.  A pretrial detainee's right not to be subjected to excessive force flows not from the Eight Amendment, but from the Due Process Clause of the Fourteenth Amendment.  *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989).   However, the standard for analysis of excessive force claims under the Fourteenth Amendment is the same as the Eighth Amendment standard applicable to claims by convicted prisoners. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993).